# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA WARNER,<br><br>            Plaintiff,<br>  v.<br><br>VISION SOLAR, LLC,<br>VISION SOLAR NJ LLC, and<br>IGS SOLAR LLC,<br><br>            Defendants. | Case No.: 22-cv-5307-CPO-SAK |

**DEFENDANTS VISION SOLAR LLC AND VISION SOLAR NJ LLC'S
BRIEF OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS[1]**

**FOX ROTHSCHILD LLP**
Brett A. Berman
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone: (215) 299-2842
Fax: (215) 299-2150
bberman@foxrothschild.com

*Attorneys for Defendants Vision Solar LLC and Vision Solar NJ LLC*

---

[1] This Motion has been Noticed for November 7, 2022. *See* Attached Notice of Motion.

138530169.2

## **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT .................................................................................... 1

II.  FACTUAL BACKGROUND ...................................................................................... 2

III. STANDARD OF REVIEW ......................................................................................... 4

IV.  ANALYSIS .................................................................................................................. 5

    1.  Plaintiff Fails to Plead 'Ascertainable Damages' as Required for Count One, her NJCFA Claim .................................................................................................... 5

    2.  Plaintiff Improperly Duplicates Count One into Count Two by Pleading an Identical Claim on the Same Facts, Contract, and Damages Theory ...................... 7

    3.  Plaintiff's Fraudulent Concealment/Nondisclosure Count is Barred by the Economic Loss Doctrine, and Alternatively, it Does Not Meet Rule 9(b)'s Heightened Pleading Requirements for Fraud. ......................................................... 8

        A.  Count Three, Fraudulent Concealment/Nondisclosure is Barred by the Economic Loss Doctrine ........................................................................... 8

        B.  Alternatively, Plaintiff Fails Rule 9(b)'s Heightened Pleading Requirements . 9

V.   CONCLUSION .......................................................................................................... 10

138530169.2

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. LaSalle Bank, N.A.*,
2012 WL 1898612 (D.N.J. May 23, 2012) ............................................................................5, 6

*Arcand v. Brother Int'l Corp.*,
673 F. Supp. 2d 282 (D.N.J. 2009) ..............................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................................4

*Bosland v. Warnock Dodge, Inc.*,
197 N.J. 543 (2009) ....................................................................................................................5

*D'Agostino v. Maldonado*,
216 N.J. 168 (2013) .................................................................................................................5, 7

*Evancho v. Fisher*,
423 F.3d 347 (3d Cir. 2005) ........................................................................................................3

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ........................................................................................................4

*Hedges v. United States*,
404 F.3d 744 (3d Cir. 2005) ........................................................................................................4

*Hillsborough Rare Coins, LLC v. ADT LLC*,
2018 WL 424410 (D.N.J. Jan. 12, 2018) ....................................................................................7

*Lee v. Carter-Reed Co., LLC*,
203 N.J. 496 (2010) ....................................................................................................................5

*Mason v. Coca-Cola*,
775 F.Supp.2d 699 (D.N.J. 2011) ...............................................................................................5

*Mitigation Servs., Inc. v. McErlean*,
2009 WL 1361565 (N.J. Super. App. Div. May 18, 2009) .........................................................5

*Page v. Doyle*,
2018 WL 2976374 (E.D. Pa. June 12, 2018) ..............................................................................7

*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ............................................................................... 3, 4

*Polhill v. FedEx Ground Package Syst.*,
  604 Fed. Appx. 104 (3d Cir. 2015) .......................................................................... 9

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
  742 F.2d 786 (3d Cir. 1984) .................................................................................... 9

*Smajlaj v. Campbell Soup Co.*,
  782 F.Supp.2d 84 (D.N.J. 2011) ............................................................................. 5

*Sun Chem. Corp. v. Fike Corp.*,
  243 N.J. 319 (2020) ................................................................................................ 8

*Travelers Indem. Co. v. Dammann & Co.*,
  594 F.3d 238 (3d Cir. 2010) .................................................................................... 8

*Wasserstein v. Kovatch*,
  261 N.J. Super. 277 (App. Div. 1993) .................................................................... 8

**Statutes**

N.J.S.A. 56:8-2 ................................................................................................................ 5

New Jersey Consumer Fraud Act .................................................................................. 4

Home Improvement Contractor Registration regulations, N.J.A.C. 13:45A-17.1 to
  -17.14 ...................................................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 3

Fed. R. Civ. P. 9(b) ............................................................................................. 8, 9, 10

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 3, 10

Restatement (Second) of Contracts, Ch. 3 .................................................................... 8

Restatement (Third) of Torts, Ch. 2 .............................................................................. 8

138530169.2

Defendants Vision Solar LLC and Vision Solar NJ LLC (hereinafter "Vision Solar" or "Defendants") comes before this Honorable Court under Rule 12(b)(6) to submit this Motion to Dismiss Plaintiff's Complaint in its entirety.

I.     **PRELIMINARY STATEMENT**

One-year-and-two-weeks after signing the contract for solar panels, having solar panels installed, using the solar panels, and then only after having her house appraised for sale, Plaintiff claims the contract was forged and Defendants fraudulently concealed the contract from her. Accusations of forgery and fraud require full, accurate, and precise allegations which Plaintiff falls far short of doing in her Complaint. Plaintiff's Complaint states nothing of the <u>one-year-and-two-week</u> timeframe from when the contract was formed to her demand to have the solar panels taken down immediately before the closing sale on the property. She claims Defendants "fraudulently concealed" the contract from her but it cannot be disputed that she had solar panels on her home and in use for over a year, and she has the contract in hand. As to the damages, while she reaped the benefits of solar energy for over a year, she wants out of her signed contract, she states her property value was reduced but pleads no values, and she claims emotional distress. For the reasons expounded on below, the Vision Solar Defendants' Motion to Dismiss should be Granted in its entirety.

138530169.2

## II.     FACTUAL BACKGROUND

Plaintiff, Dana Warner, is a California resident who permitted her father to reside in her New Jersey home. (Compl. ¶ 9, 21.) She claims that one day in "early 2021,"[2] salespersons, somehow on behalf of all three Defendants, solicited her New Jersey property for solar energy. (*Id.* ¶ 22.)[3] But her and her father purportedly "did not sign anything." (*Id.* ¶ 24.)

The solar panel contract at issue bears Plaintiff's electronic handwritten signature. (*Id.* ¶ 31.) After the contract was signed, the solar panels were installed, the solar panels were used, and then <u>one-year-and-two-weeks later</u> and only after she got her property appraised for sale, Plaintiff was apparently "shocked" that solar panels were on her property. (*Id.* ¶ 27-28, 32.) Immediately upon her request, Vision Solar provided Plaintiff with the contract; the same contract that bears her signature and that Vision filed with the State of New Jersey as part of their normal course of business. (*Id.* ¶ 35.) Plaintiff even "thank[ed]" Vision for "all of [their] transparency on this entire ordeal." (*Id.* ¶ 32.)

Despite providing Plaintiff with the contract that contains her electronic handwritten signature, Plaintiff claims that it was forged, Defendants fraudulently concealed the contract from her, and at the time, Plaintiff demanded that the solar panels be removed immediately before the closing sale on her property. (*Id.* ¶ 31-32.) After having a signed contract, installing solar panels, and those panels being in use for over a year, Defendants did not immediately take down the panels. (*Id.* ¶ 34.)

---

[2]     Plaintiff never explicitly pleads when the contractual discussions began or when the contract went into effect -- apparently, to prevent revealing that she used the solar panels for over a year. Nevertheless, it appears Plaintiff inadvertently pleads that the contract was signed and went into effect on April 7, 2021. (Compl. ¶ 32) (Plaintiff's email to Vision Solar).

[3]     Plaintiff broadly pleads that the three Defendants "ratified, approved of, and assumed responsibility for the conduct of the other Defendants and their agents." (*Id.* ¶ 20.) She does not plead how Defendants did any of this nor how they are related to each in this matter.

Nowhere in Plaintiff's Complaint does she state what factually occurred during the time the contract was signed, April 7, 2021, and when she became "shocked" on April 27, 2022. (*Id.* ¶ 30-32.) She makes no mention of what her tenant, her father, was doing during this year-and-two-weeks. (*Id.* ¶ 21.) She does not state whether her and her father had any contact during this year-and-two-weeks. She does not state whether she visited her property during this year-and-two-weeks. But she does plead that when she was trying to sell her home and she got it appraised, the solar panels became a problem because the "buyer . . . wants the system removed before we close." (*Id.* ¶ 27-32.) Correspondingly, she claims three ubiquitous sets of damages. She wants to rescind the signed contract over a year after formation, Defendants' "conduct reduced the value of [her property]," and lastly she suffered "mental and emotional distress. . . ." (*Id.* ¶ 42-46.)

Presently, the two Vision Solar defendants move to dismiss Plaintiff's Complaint for three reasons because an examination of Plaintiff's Complaint demonstrates that it does not plead a claim upon which relief can be granted. This Court should dismiss this case in its entirety for the reasons set out below.

### III.     **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a court should dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion under Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the pleader. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint

and draw all inferences from the facts alleged in the light most favorable to" the plaintiff). A pleading is sufficient only when it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When weighing a motion to dismiss, the Court does not ask "'whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 n.8, (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.")

In applying the *Twombly/Iqbal* standard, a District Court will first "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusion." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). Next, the Court will "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679).

To meet this standard, a "complaint must do more than allege the plaintiff's entitlement to relief." *Id.*; *see also Phillips*, 515 F.3d at 234 ("The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing *Twombly*, 550 U.S. at 556). The party moving to dismiss under 12(b)(6) "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## IV.     ANALYSIS

### 1.     Plaintiff Fails to Plead 'Ascertainable Damages' as Required for Count One, her NJCFA Claim.

The New Jersey Consumer Fraud Act ("NJCFA" or "CFA") prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing[ ] concealment, suppression, or omission of any material fact . . . in connection with the sale or advertisement of any merchandise or real estate . . . ." N.J.S.A. 56:8-2. The Home Improvement Practice ("HIP") regulations were promulgated under the CFA. *Mitigation Servs., Inc. v. McErlean*, 2009 WL 1361565, at *5 (N.J. Super. App. Div. May 18, 2009). "…HIP regulations apply to all sellers as defined in N.J.A.C. 13:45A-16.1A and to all home improvement contracts as defined in the Home Improvement Contractor Registration regulations, N.J.A.C. 13:45A-17.1 to -17.14." *Id.*

To prevail on a CFA claim, a plaintiff must prove three elements: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss. Each of these elements is rooted in the statutory text." *D'Agostino v. Maldonado*, 216 N.J. 168, 184 (2013) (citing N.J.S.A. 56:8-2).

As to the second element of NJCFA, a plaintiff must establish an 'ascertainable loss' that is "quantifiable or measurable; [] not hypothetical or illusory." *Lee v. Carter-Reed Co., LLC*, 203 N.J. 496, 522 (2010); *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 558 (2009) (stating that 'ascertainable loss' means that "plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical" and that such loss must be quantifiable or measurable). For example, "[d]issatisfaction with a product . . . is not a quantifiable loss than can be remedied under the NJCFA." *Mason v. Coca-Cola*, 775 F.Supp.2d 699, 704 (D.N.J. 2011). Also held in

5

138530169.2

this District, a plaintiff's "[f]ailure to quantify the difference in value results in the dismissal of a claim." *Smajlaj v. Campbell Soup Co.*, 782 F.Supp.2d 84, 99 (D.N.J. 2011)

Another NJCFA case that was dismissed for the plaintiff's failure to plead ascertainable damages within this District and that is similar to the case at bar is *Allen v. LaSalle Bank, N.A.*, 2012 WL 1898612 (D.N.J. May 23, 2012). In *Allen*, the plaintiff argued that her ascertainable damages was $7,713.46 for attorney's fees in defending against a $5,915 foreclosure action that had $1,798.46 in associated costs. *Id.* at *1-2. Despite that the plaintiff pled a sum certain, the court found that while she paid her legal fees, she never paid the associated costs and she was, after all, "indisputably better off" given the dismissal of her foreclosure action. *Id.* at *3.

In comparison, here, Plaintiff claims her damages are the contract, the alleged diminution value of her property, and her claimed emotional distress. (Compl. ¶ 42-46.) She does not plead any sum certain for any of these damages. She does not state her contractual damages, she does not plead the diminution of value of her property, and she does not plead anything regarding her "mental and emotional distress." (*Id.*) Plaintiff does not plead ascertainable damages because she cannot—she benefitted from the installation and use of solar energy for over a year and now wishes to reverse course because her homebuyer didn't want the solar panels. (*Id.* ¶ 32-33.) Not only did she benefit monetarily from using solar energy, but she also benefitted in an environmental way and may be entitled to tax credits for their use.

Under the NJCFA, a Plaintiff must do more than allege an unlawful business practice and simply state that they were harmed. *Lee*, 203 N.J. at 522. The CFA's requirements of ascertainable damages and causation preclude plaintiffs, such as Dana Warner, from entering into a contract, benefitting from that contract, but when their circumstances change, such as selling their home, attempting to manufacture a lawsuit against the factual circumstances.

Plaintiff's attempt to manufacture a NJCFA claim cannot stand where she does not plead damages from the contract, damages from the alleged diminution of value, and she does not plead anything about what she and her father did for the <u>one-year-and-two-week</u> period during the contract. The pleading requirements of her NJCFA claim are not met, and therefore, the Court should dismiss Count One.

   2.  **Plaintiff Improperly Duplicates Count One into Count Two by Pleading an Identical Claim on the Same Facts, Contract, and Damages Theory.**

New Jersey law does not recognize 'forgery/identity theft' as a valid independent cause of action when the plaintiff alleges forgery in a separate claim. *See, e.g., Hillsborough Rare Coins, LLC v. ADT LLC*, 2018 WL 424410 *2-5 (D.N.J. Jan. 12, 2018) (dismissing NJCFA claim where forgery was the "unlawful conduct" within the NJCFA Count); *see also Page v. Doyle*, 2018 WL 2976374, at *5 (E.D. Pa. June 12, 2018) (holding no private civil cause of action for forgery exists in Pennsylvania). Plaintiff pleads forgery/identity theft as the "unlawful conduct" in Count One, her NJCFA claim. She then duplicates Count One by pleading an independent 'forgery/identity theft' Count that is based on the same facts, contract, and damages theory, therefore, it must be dismissed.

This Court must not condone Plaintiff's kitchen sink approach in pleading duplicative causes of action. Count One, Plaintiff's NJCFA claim, requires plaintiff to prove three elements: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *D'Agostino*, 216 N.J. at 184 (citations omitted). As to the first element, Plaintiff's alleged "unlawful conduct" is that Defendants (somehow collectively) forged Plaintiff's name on the contract. Thus, Plaintiff pleads forgery as the "unlawful conduct" element in Count One yet she still attempts to plead an independent forgery cause of action on those same allegations. This forgery claim may not be an

7

independent claim that is based on the same facts, contract, and damages theory as another claim. Therefore, this Court should dismiss Count Two.

   3.  **Plaintiff's Fraudulent Concealment/Nondisclosure Count is Barred by the Economic Loss Doctrine, and Alternatively, it Does Not Meet Rule 9(b)'s Heightened Pleading Requirements for Fraud.**

This Court should dismiss Count Three for either of two reasons. First, under the economic loss doctrine, a plaintiff may not maintain a tort action based upon a contract. Alternatively, if this Court permits this tort claim to proceed, Plaintiff fails to plead fraudulent concealment/nondisclosure with particularity under FRCP 9(b)'s heightened requirements for alleging fraud.

   A.  *Count Three, Fraudulent Concealment/Nondisclosure is Barred by the Economic Loss Doctrine.*

"Under New Jersey law, the economic loss doctrine 'defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort, particularly in strict liability and negligence cases.'" *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 244 (3d Cir. 2010) (citations omitted). "The purpose of the rule is to strike an equitable balance between countervailing public policies[] that exist in tort and contracts law." *Id.* "Whether a tort claim can be asserted alongside a breach of contract claim depends on whether the tortious conduct is extrinsic to the contract between the parties." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009).

The duty of providing a contracting party the contract itself is a basic principle of contact law. *See* Restatement (Second) of Contracts, Ch. 3. Fraudulent concealment/nondisclosure is a tort. *See* Restatement (Third) of Torts, Ch. 2. The economic loss doctrine "prohibits the recovery in a tort action of economic losses arising out a breach of contract." *Sun Chem. Corp. v. Fike Corp.*, 243 N.J. 319, 327, n.2 (2020). As such, Plaintiff may not maintain this tort claim, and

8

especially may not do so alongside her NJCFA forgery-contract claim. *Wasserstein v. Kovatch*, 261 N.J. Super. 277, 285-87 (App. Div. 1993). All of her claims derive from the contract at issue, and therefore, must be pled under contract law. Count Three must be dismissed for these reasons.

> B. *Alternatively, Plaintiff Fails Rule 9(b)'s Heightened Pleading Requirements.*

Even if the Court is inclined to permit Plaintiff to maintain this tort cause of action, the Court should still dismiss Count Three as a matter of law because Plaintiff wholly fails to meet the heightened pleading requirements for a fraud claim under Rule 9(b).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

To state a fraudulent concealment claim a plaintiff "must allege (1) a legal duty to disclose; (2) a material fact; (3) that plaintiff could not discover without defendant disclosing it; (4) that defendant intentionally failed to disclose that fact; and (5) the plaintiff was harmed by relying on the nondisclosed. *Polhill v. FedEx Ground Package Syst.*, 604 Fed. Appx. 104, 107 n.2 (3d Cir. 2015). Rule 9(b) requires a complaint to contain heightened "precision and some measure of substantiation into [the] allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

Plaintiff falls far short of pleading fraudulent concealment with particularity. She claims that Defendants concealed the contract at issue, but she pleads that she received the contract immediately upon request and she thanked Vision Solar for this—defendants did not intentionally fail to disclose anything. (*Id.* ¶ 32.) Solar panels were installed on her home and she benefitted from their use for <u>over a year</u>—she could have very easily discovered the contract and

9

she was not harmed. (*Id.*) After she agreed to the contract in April of 2021, Vision Solar filed the agreement with the State of New Jersey as part of their normal course of business—Vision Solar did not conceal the contract. (*Id.* ¶ 35.) Her father is purportedly her tenant but she pleads nothing about what he did during this time nor does she state whether she contacted him or not during the one-year-and-two-week contract period. (*Id.* ¶ 31, 32.)

Simply comparing Plaintiff's pleadings to the elements of fraudulent concealment demonstrates that Plaintiff in no way meets the heightened pleading requirements of fraud. FRCP 9(b) imposes one of the highest civil standards within the Federal Judiciary. Plaintiff benefitted from solar panels for over a year, she has the contract in hand, the contract was filed with New Jersey; in no way does Plaintiff plead fraudulent concealment with particularity. Therefore, this Court should dismiss Plaintiff's Fraudulent Concealment/Nondisclosure Count for failing to meet Rule 9(b)'s heightened pleading requirements.

**V.     CONCLUSION**

For all of the reasons above and pursuant to Rule 12(b)(6), the Vision Solar Defendants' Motion to Dismiss should be Granted in its entirety.

Dated: October 6, 2022.                     Respectfully submitted:

**FOX ROTHSCHILD LLP**

By: /s/ Brett Berman

Brett A. Berman
2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Telephone: (215) 299-2842
Fax: (215) 299-2150
bberman@foxrothschild.com

Attorneys for Defendant Vision Solar, LLC, and Vision Solar NJ LLC

138530169.2