# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**DANA WARNER**,

       Plaintiff,

v.

**VISION SOLAR LLC,**
**VISION SOLAR NJ LLC,**
**IGS SOLAR, LLC**,

       Defendants.

No.: 22-cv-5307-CPO-SAK

**OPINION**

**APPEARANCES**:

Cary L. Flitter
Andrew M. Milz
Jody T. López-Jacobs
1814 East Route 70
Suite 350
Cherry Hill, NJ 08003

    *On behalf of Plaintiff.*

Brett A. Berman
Fox Rothschild llp
2000 Market Street
20th Floor
Philadelphia, PA 19103-3222

    *On behalf of Defendants.*

**O'HEARN, District Judge.**

This matter comes before the Court on a Motion to Dismiss by Defendants Vision Solar LLC and Vision Solar NJ LLC (hereinafter "Defendants") to dismiss the Amended Complaint. (Defs.' Br., ECF No. 20). The Court did not hear oral argument pursuant to Local Rule 78.1. For

the reasons that follow, Defendants' Motion is **DENIED**.

### I.  Factual Background and Procedural History[1]

Plaintiff, Dana Warner, is a California resident and owner of a home located in Magnolia, New Jersey, which she rents to her father, John Antipuna. (Am. Compl., ECF No. 17 at ¶¶ 9, 21). In early 2021, salespersons acting on behalf of Defendants solicited Antipuna regarding installation of solar panels on Plaintiff's Magnolia home. (Am. Compl., ECF No. 17 at ¶ 22). The salespersons allegedly informed Antipuna that the solar panels would not cost anything and did not mention the existence of an accompanying financial agreement. (Am. Compl., ECF No. 17 at ¶¶ 22–23). The salespersons provided Antipuna with paperwork, but Antipuna did not sign because the paperwork listed Plaintiff's name as the property owner. (Am. Compl., ECF No. 17 at ¶ 24). Antipuna provided the salespersons with Plaintiff's phone number and informed them that she lived in California. (Am. Compl., ECF No. 17 at ¶ 24). Defendants allegedly did not thereafter contact Plaintiff by phone or any other means to obtain her consent to a solar panel agreement prior to installation. (Am. Compl., ECF No. 17 at ¶ 33). Shortly after April 7, 2021, solar panels were installed on Plaintiff's home and enabled for use. (Am. Compl., ECF No. 17 at ¶ 34); (Pl.'s

---

[1] Since the Motion comes before the Court under Rule 12(b)(6), the Court accepts the factual allegations in the Amended Complaint as true and will view all facts in the light most favorable to Plaintiffs as non-moving parties. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

Ex. A, ECF No. 29-1 at 8).[2] After installation, Defendants registered the solar panels on Plaintiff's home with the New Jersey Clean Energy Program to receive tax credits for the renewable energy produced by the panels. (Am. Compl., ECF No. 17 at ¶ 44).

In or about March 2022, Plaintiff decided to list her New Jersey home for sale. (Am. Compl., ECF No. 17 at ¶ 27). During the appraisal process, Plaintiff learned of the existence of the solar panels for the first time. (Am. Compl., ECF No. 17 at ¶ 28). Thereafter, Plaintiff called Defendants, learned of the existence of an installation agreement, and requested a copy of the contract. (Am. Compl., ECF No. 17 at ¶ 29). On April 27, 2022, Defendants provided Plaintiff with a 21-page, 25-year Power Purchase Agreement ("25-Year PPA") bearing Plaintiff's electronic signatures under her maiden name, Dana Antipuna. (Am. Compl., ECF No. 17 at ¶¶ 30–31). Plaintiff alleges that these signatures are forgeries by Defendants as part of a regular pattern and practice of deceptive business conduct impacting consumers across New Jersey. (Am. Compl., ECF No. 17 at ¶¶ 31, 46–47). The 25-Year PPA obligates Plaintiff to pay 13.9 cents per kilowatt-hour for electricity for the first year of the agreement, with "escalator" rate increases of no more than 2.9% per year for the remaining twenty-four years of the contract term. (Am. Compl., ECF No. 17 at ¶ 37). Plaintiff alleges that she did not sign the 25-Year PPA, nor did she know of its existence prior to April 27, 2022, due to Defendants' failure to inform her of the agreement and

---

[2] When deciding a motion to dismiss, courts are generally limited to considering only allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). However, a court "may consider . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotations and citation omitted). Since the Amended Complaint specifically references the 25-Year Power Purchase Agreement, (Pl.'s Ex. A, ECF No. 29-1), the Court will consider it. (Am. Compl., ECF No. 17 at ¶ 30).

intentional hiding of the document. (Am. Compl., ECF No. 17 at ¶¶ 30–33). Plaintiff alleges that Defendants knew she did not sign the PPA because Defendants never contacted or interacted with her in any way until she called Defendants to inquire about the newly discovered solar panels on her property. (Am. Compl., ECF No. 17 at ¶ 33).

On April 28, 2022, Plaintiff emailed a notice of cancellation of the 25-Year PPA to Kristen Kimbrough, a Concierge Manager for Defendants. (Am. Compl., ECF No. 17 at ¶ 34). In the email, Plaintiff thanked Kimbrough for her "transparency" and reiterated that she did not have any knowledge of the 25-Year PPA. (Am. Compl., ECF No. 17 at ¶ 34). Plaintiff informed Kimbrough that the buyer of her New Jersey home would like the solar panels removed before closing the sale and demanded that Defendants remove the panels no later than May 4, 2022. (Am. Compl., ECF No. 17 at ¶ 34). As of the filing of this action, Defendants have not cancelled the 25-Year PPA and the solar panels remain on Plaintiff's property. (Am. Compl., ECF No. 17 at ¶¶ 35–36, 65). Plaintiff alleges that the value of her Magnolia property has been reduced by $15,000 due to the presence of the unauthorized solar panels. (Am. Compl., ECF No. 17 at ¶ 42).

On October 19, 2022, Plaintiff initiated this lawsuit, alleging violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. ("NJCFA") (Count One), identity theft/forgery in violation of N.J.S.A. § 2C:21-17.4 (Count Two), and common law fraudulent concealment/nondisclosure against all Defendants (Count Three). (Am. Compl., ECF No. 17 at ¶¶ 64, 67–68, 74–75). On November 2, 2022, Defendants filed the present Motion to Dismiss. (Defs.' Br., ECF No. 20). Plaintiff filed a Response, (Pl.'s Resp., ECF No. 29), to which Defendants replied, (Defs.' Reply, ECF No. 30).

## II. Legal Standard

A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A district court, in deciding a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. Discussion

Defendants move to dismiss all three of Plaintiff's claims as set forth below.

### A. Count I (New Jersey Consumer Fraud Act)

Defendants contend that Plaintiff's NJCFA claim should be dismissed because Plaintiff has failed to plead "ascertainable damages," as required by the NJCFA, with the "particularity" required for allegations of fraud under Federal Rule of Civil Procedure 9(b). (Defs.' Br., ECF No. 20 at 9). Plaintiff argues that she has adequately pled ascertainable losses arising out of Defendants' misconduct, specifically, a 25-year obligation to purchase power from Defendants, loss of property value, and costs associated with removing the panels and the Motion should be denied. (Pl.'s Br., ECF No. 29 at 5-8). The Court agrees with Plaintiff and denies Defendants' Motion as to Count One.

5

Under Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (D.N.J. 2007) (citing *Lum v. Bank of America,* 361 F.3d 217, 223–224 (3d Cir.2004)). Rule 9(b) heightens a plaintiff's pleading standard for *circumstances* constituting the fraud, not for damages resulting therefrom. *See Casperson as Tr. For Samuel M.W. Casperson Dynasty Trust v. Oring*, 441 F. Supp. 3d 23, 35 (D.N.J. 2020) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998)) ("The purpose of Rule 9(b) is to provide notice of the 'precise misconduct' with which defendants are charged. . . . ").

To state a cause of action under the NJCFA, a plaintiff must show "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (N.J. 2007)). As remedial legislation, the NJCFA is to be construed liberally in favor of consumers. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 461 (1994). "Ascertainable" is defined as "capable of being ascertained," that is, capable of being "[made] certain; establish[ed] with certainty; determine[d] with certainty." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 792 (N.J. 2005) (citing *Webster's Third New International Dictionary 126* (1981)). To be pled with certainty, an ascertainable loss must be quantifiable or measurable rather than hypothetical or illusory. *Id.* at 793.

To demonstrate a loss, the Plaintiff need only provide an estimate of damages, calculated within a reasonable degree of certainty. *Cox,* 647 A.2d at 464. In home improvement transactions,

ascertainable losses may include costs associated with repairing unsafe or unattractive conditions arising out of unlawful conduct under the NJCFA, even if the plaintiff has not yet made the necessary repairs. *Id.* That a plaintiff continues to live with an unwanted or defective condition on their property does not preclude the demonstration of an ascertainable loss. *Id.*; *see also 5 Corbin on Contracts* § 1091 (Corbin ed. 1964) ("[T]he injured party should not be deprived of damages measured by the cost of curing defects, merely on the ground that he chooses to use the building in its defective character.") Furthermore, an improper debt against a consumer-fraud plaintiff may constitute an ascertainable loss under the NJCFA since consumers are not obligated to fulfill a contractual indebtedness arising out of NJCFA violations. *Cox*, 647 A.2d at 464.

In the Amended Complaint, Plaintiff alleges that Defendants violated numerous provisions of the NJCFA by forging her signature on the 25-Year PPA, failing to furnish her with a copy of the 25-Year PPA in a timely manner, and refusing to permit cancellation of the 25-Year PPA within three days of her receipt of the contract. (Am. Compl., ECF No. 17 at ¶¶ 55–65). Plaintiff alleges that these violations caused her to suffer ascertainable losses, including a purported 25-year contractual obligation to purchase solar energy from Defendants, costs associated with removing the solar panels from the roof and making necessary repairs, and loss of the value of her home. (Am. Compl., ECF No. 17 ¶ 65). As noted, the purported contractual obligation requires Plaintiff to pay 13.9 cents per kilowatt-hour of electricity for one year, followed by "escalator" increases at a rate no more than 2.9% per year for twenty-four years. (Am. Compl., ECF No. 17 at ¶ 37). Plaintiff also alleges the value of her home decreased by at least $15,000. (Am. Compl., ECF No. 17 at ¶ 42).

While a plaintiff alleging benefit-of-the-bargain losses is required to specifically plead the

7

difference in value between the good they contracted for and the good they received, S*majlaj v. Campbell Soup Co.*, 782 F.Supp.2d 84, 99 (D.N.J. 2011), the Plaintiff here alleges a different type of damage. Plaintiff did not contract for solar panels of certain quality and receive a lesser good— she alleges that she did not contract for any good whatsoever. Plaintiff has estimated with a reasonable degree of certainty the loss to her property value caused by the presence of the unauthorized solar panels; Plaintiff has specifically alleged the price of power she is purportedly obligated to pay under the 25-Year PPA; and she has pled damages in the form of removal and repair costs. At the motion to dismiss stage, a plaintiff need only put forth a claim that is "plausible on its face" that should entitle them to thereafter bring evidence to support their claims. *Twombly*, 550 U.S. at 570. Here, with regard to the ascertainable loss element of her NJCFA claim, Plaintiff has done so. The detailed evidence as to Plaintiff's home appraisal sought by Defendants is more appropriate for a later stage of litigation. (Defs.' Br., ECF No. 20 at 11). As such, the Motion is denied as to Count One.

### B. Count II: Identity Theft/Forgery

Defendants contend that Plaintiff's identity theft/forgery claim should be dismissed because it is improperly duplicative of Count One, which alleges identity theft and forgery as part of Defendants' unlawful conduct violating the NJCFA. (Defs.' Br., ECF No. 20 at 8–10). Defendants assert that New Jersey does not recognize an independent cause of action for identity theft/forgery where it is asserted alongside an NJCFA claim based on the same facts. (Defs.' Br., ECF No. 20 at 12). Plaintiff argues that the text and legislative intent of the NJCFA and identity theft/forgery statute allow both claims to proceed simultaneously. (Pl.'s Br., ECF No. 29 at 9–10). At this stage, the Court agrees with Plaintiff and denies the Defendants' Motion as to Count Two.

8

Defendants' argument is without basis in New Jersey statutory and case law. *See* N.J.S.A. 56:8-2.13 ("The rights, remedies, and prohibitions . . . of this act are . . . to be in addition to and cumulative of any other right, remedy or prohibition accorded by the common law or statutes of this State . . . and nothing contained herein shall be construed to deny . . . any such common law or statutory right, remedy, or prohibition."); N.J.S.A. § 2C:21-17.4 ("The [identity theft] cause of action authorized by this section shall be in addition to and not in lieu of any forfeiture or any other action . . . ."). As support, Defendants cite *Hillsborough Rare Coins, LLC v. ADT LLC*, which came before the Court on a motion for leave to file an amended complaint. No. 16-916, 2018 WL 424410, at *2-5 (D.N.J. Jan. 12, 2018) (Arpert, Mag. J.). In denying the plaintiff's motion, the Court found that the plaintiff had not justified the significant delay in seeking leave to amend since its proposed amendments to its NJCFA claims were based on the same facts already alleged in its prior filing. *Id.* at *3. The Court also held that even if the proposed amendments to the plaintiff's NJCFA claims were not barred by undue delay, they would still be insufficient to adequately plead a causal relationship between the defendants' unlawful conduct and the plaintiffs' damages, thus rendering the proposed amendments to the NJCFA claims futile. *Id. Hillsborough Rare Coins* did not determine nor suggest that forgery/identity theft claims could not survive alongside NJCFA claims arising out of the same conduct.

In fact, New Jersey courts have frequently held that the NJCFA should be construed not to preclude remedies under other regulatory regimes covering the same activity.[3] *See G & F Graphic*

---

[3] Though not currently plead as such, parties are also permitted to plead in the alternative. *See* FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

9

*Services, Inc. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583 (D.N.J. 2014) (holding that the plaintiff's NJCFA claims and common law fraud claims may proceed in the same suit); *Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 155 (N.J. 2020) (holding that an NJCFA claim alleging fraudulent commercial practices may proceed in a separate count of the same pleading as a Products Liability Act (PLA) claim); *see also Lemelledo v. Beneficial Mgmt. Corp. of America*, 696 A.2d 546, 554 (N.J. 1997) (noting a presumption that the NJCFA applies to activities covered by other sources of law absent "patent and sharp" conflict between application of the two regimes). *But c.f. Sinclair v. Merck Co.*, 948 A.2d 587, 595 (N.J. 2008) (dismissing plaintiffs' NJCFA claim where plaintiffs merely sought to "avoid the [physical injury] requirements of the PLA" by asserting their claims under the NJCFA, despite clear legislative intent that the PLA exclusively cover harms caused by defective products). Here, Plaintiff's NJCFA claim in Count One certainly includes but does not exclusively rely on the forgery/identity theft alleged in Count Two. (Am. Compl., ECF No. 17 at ¶55–65, 67–68). Because the plain text of the NJCFA and supporting case law permits complementary application of other statutes and Defendants have not cited cases concluding otherwise, Plaintiff's forgery/identity theft claims in Count Two are not improperly duplicative of Count One. As such, the Motion is denied as to Count Two.

### C. Count III: Fraudulent Concealment/Nondisclosure

Defendants claim that Plaintiff's fraudulent concealment/nondisclosure claim is barred by the economic loss doctrine and alternatively, that Plaintiff has failed to plead circumstances of fraud with particularity as required by Rule 9(b). (Defs.' Br., ECF No. 20 at 9–12). Plaintiff argues that the economic loss doctrine does not apply when Defendants' conduct is akin to fraud in the inducement, and further that Plaintiff has satisfied the pleading standard of Rule 9(b). (Pl.'s Br.,

10

ECF No. 29 at 10–13). The Court agrees with Plaintiff and denies Defendants' Motion as to Count Three.

The economic loss doctrine does not bar Plaintiff's fraudulent concealment/nondisclosure claim because the claim does not arise out of a breach of contract. The economic loss doctrine "prohibits the recovery in a tort action of economic losses arising out of a breach of contract." *Sun Chem. Corp.,* A.3d at 150 n.2; *see also Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 248 (3d Cir. 2010) (explaining that New Jersey courts consistently hold that contract law is better suited to resolve disputes over losses within the contemplation of "sophisticated business entities with equal bargaining power . . . that could have been the subject of their negotiations."). Yet, here, Plaintiff does not allege *breach* of contract, but rather forgery of a contract by Defendants and subsequent fraudulent concealment/nondisclosure of the forged contract. (Am. Compl., ECF No. 17 at ¶¶ 72–75). The economic loss doctrine does not preclude tort claims pertaining to fraudulent conduct when the very validity of the contract is at issue, as it is here. *See Shapiro v. Barnea*, No. 06-811, 2006 WL 3780647, at *4 (D.N.J. Dec 21, 2006) ("[T]he economic loss doctrine should not apply when the validity of the contract—and thus the entitlement to contractual remedies—is in dispute. . . . "); *Kemp v. Est. of Brandau*, No. 4161-10, 2022 WL 1179741, at *8 (N.J. Super. Ct. App. Div. Apr. 21, 2022) ("[W]hen a person is made party to a contract by fraud, effectively no contractual relationship exists.") (internal quotations omitted). Plaintiff alleges that she did not sign the contract, did not authorize installation of the panels, and did not discover the existence of either the contract or the panels themselves until more than a year had passed. (Am. Compl., ECF No. 17 at ¶¶ 27–33). As such, Plaintiff could not have possibly contemplated her subsequent losses. Thus, the economic loss doctrine does not preclude her claim.

11

Additionally, Plaintiff's fraudulent concealment/nondisclosure claim meets the pleading standard of Rule 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, parties must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs must plead sufficient details to put the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citation omitted). To state a fraudulent concealment claim under New Jersey law, Plaintiff must plead with particularity "(1) a legal duty to disclose (2) a material fact (3) that plaintiff could not discover without defendant disclosing it; (4) that defendant intentionally failed to disclose that fact; and (5) the plaintiff was harmed by relying on the nondisclosed." *Polhill v. FedEx Ground Package Syst.*, 604 F. App'x. 104, 107 n.2 (3d Cir. 2015). Here, Plaintiff alleges that Defendants had a duty to disclose the existence of the 25-Year PPA and documents filed with the State. (Am. Compl., ECF No. 17 at ¶ 72–73). She alleges that she never wanted the solar panel system or the 25-Year PPA, and that the system and forged agreement have only been a burden to her. (Am. Compl., ECF No. 17 at ¶ 38–39). Plaintiff also alleges that she resided in California, had no knowledge of the panels or agreement until appraising her property, and was never contacted in any manner by the Defendants. (Am. Compl., ECF No. 17 at ¶¶ 9, 28, 33). Additionally, Plaintiff alleges that Defendants knew she did not sign the agreement and knew that her purported signatures were forged. (Am. Compl., ECF No. 17 at ¶¶ 74–75). *See* FED. R. CIV. P. 9(b) (noting "knowledge . . . may be alleged generally"). Finally, as previously noted, Plaintiff alleges that she decided to sell her New Jersey property, and that the panels and 25-Year PPA have caused her property value to decrease by at least $15,000. (Am. Compl., ECF No. 17 at ¶¶ 27, 42). Taking Plaintiff's allegations as true, she

12

has plead fraudulent concealment with sufficient particularity. As such, Defendants' Motion is denied as to Count Three.

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss, (ECF No. 20), is **DENIED** in its entirety. An appropriate Order accompanies this Opinion.

**CHRISTINE P. O'HEARN**
**United States District Judge**